■ In the Matter of YVONNE RODRIGUEZ, Respondent, v CESAR A. PERALES, as Social Services Commissioner of the State of New York, Appellant, et al., Respondent. [613 NYS2d 625] —Judgment of the Supreme Court, New York County (Herman Cahn, J.), entered on or about February 4, 1993, which granted petitioner's application to annul respondent Perales' determination to retain petitioner's Federal Supplemental Security Income (SSI) check as a recoupment of amounts paid as Interim Assistance Home Relief benefits and directed reimbursement of $2,997 plus interest to petitioner, is unanimously reversed, on the law, the determination of the respondent reinstated, and the petition dismissed, without costs or disbursements.

New York furnishes financial assistance to applicants for Federal Supplemental Security Income in the interim period between the application and the receipt of such Federal benefits. The United States Code (42 USC § 1383 [g]) provides for reimbursement of such interim payments when SSI assistance is approved, by authorizing the Secretary to withhold benefits due to an individual, upon written authorization from that individual, "sufficient to reimburse the State (or political subdivision) for interim assistance furnished on behalf of the individual by the State (or political subdivision)" (42 USC § 1383 [g] [1]). The statute also provides that " 'benefits' " means Supplemental Security Income benefits and any State supplemental payments "that the Secretary has determined to be due with respect to the individual at the time the Secretary makes the first payment of benefits" (42 USC § 1383 [g] [2]).

This petitioner received Interim Assistance Home Relief and signed a written authorization for reimbursement. The respondent retained benefits for the Interim Assistance Home Relief (IAHR) furnished petitioner in the total amount of the first and second checks sent her minus a balance of $2,648.77 determined to be due petitioner.

While petitioner contends, and the IAS Court agreed, that under the applicable statutes and regulations, recoupment of the Interim Assistance Home Relief given by local government is limited to the "initial payment", we have previously held that "under Federal (42 USC § 1383 [g]) and State (Social Services Law § 158 [a]) law, as well as the State DSS regula-

tions (18 NYCRR 370.7 [a] [2], [4]), the State DSS' decision that the City DSS' reimbursement for IAHR benefits is not limited to the first SSI retroactive check, when the IAHR provided exceeds the amount of that check, is rational" *(Matter of Carnegie v Perales,* 200 AD2d 502, 503).

The key concept in the Federal statute is what "the Secretary has determined to be due with respect to the individual at the time the Secretary makes the first payment of benefits" (42 USC § 1383 [g] [2]). The use of the phrase "first payment" is only to set the point in time governing the calculation, but the amount to be reimbursed to the local government is the amount "determined to be due". This interpretation is consistent with the Federal regulations and the State law and regulations. It is also consistent with the history and policy behind the Interim Assistance Home Relief recoupment statutes. Thus, the States are allowed to recoup interim payments in order to encourage local government to make such payments in the first instance.

The fact that the Social Security Administration made a mistake in calculation by underestimating the period of disability and later corrected this error in a second retroactive check is of no moment and should not result in a windfall for petitioner, allowing her to retain all of the SSI benefits in the second check for which she has already received Interim Assistance Home Relief benefits. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Williams, JJ.